Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 1023 | **DATE** | June 27, 2012 |
| **CASE TITLE** | James D. Lewis (B-52327) vs. State of Illinois, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff has paid the $350 filing fee. His complaint, however, is dismissed for failure to state a claim upon which this Court can grant relief. 28 U.S.C. § 1915A. The dismissal of this case counts as one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g). Having accumulated three dismissals under § 1915(g), Plaintiff may not initiate a case in a federal court without pre-paying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. This case is closed.

■[ For further details see text below.]         Docketing to mail notices.

## STATEMENT

       Plaintiff James Lewis, an inmate at the Pontiac Correctional Center, has paid the $350 filing in accordance with this Court's April 4, 2012, order. Conducting a preliminary review of the complaint in accordance with 28 U.S.C. § 1915A, this Court must dismiss the complaint.

       Plaintiff has filed this 42 U.S.C. § 1983 action against the State of Illinois, Cook County State's Attorney Anita Alvarez, Assistant State's Attorney Adam Weber, Cook County Sheriff Tom Dart, and Cook County Circuit Court Clerk Dorothy Brown. Plaintiff asserts that he recently obtained records from his 2007 criminal proceedings, which ended with a conviction of aggravated kidnapping, home invasion, and armed robbery. According to Plaintiff, the record reveals errors with his indictment. Plaintiff states that he was charged by indictment from the grand jury, but that the foreperson never signed the bill of indictment, thus violating 725 ILCS 5/111-3(b). Plaintiff then contends that, while the grand jury may be able to issue an indictment under 725 ILCS 5/112-4, section 112-6(c)(1)(B) states that only the State's Attorney may enforce the laws of the state. Plaintiff does not state the type of relief he seeks.

       This case cannot proceed as a § 1983 complaint. Section 1983 involves the violation of a person's constitutional or federal right. Plaintiff's challenges to Illinois' indictment procedures raise only issues of state law. *See Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1249 (7th Cir. 1994) (violations of state procedures with the charging instrument were not constitutional or federal issues and did not support a § 1983 action), citing *Gramenos v. Jewel Companies, Inc.*, 797 F.2d 432, 434 (7th Cir. 1986). Plaintiff may be able to raise his claims in state court; however, he cannot raise them in a § 1983 proceeding.

       To the extent Plaintiff's claims can be construed as constitutional challenges to his indictment, his § 1983 complaint cannot proceed in this Court unless and until his conviction has been reversed or otherwise declared invalid. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (a § 1983 plaintiff may not raise claims that, if correct, would necessarily imply the invalidity of a state conviction unless and until that conviction has been reversed, set aside, or otherwise invalidated); *Preiser v. Rodriguez*, 411 U.S. 475, 499-500 (1973) (a prisoner's federal claim challenging the validity of his confinement can be brought in federal court only as a petition for habeas corpus relief and not in a § 1983 action); *see also Bradshaw v. DeGand*, No. 91-5348, 1992 WL 22214 at *2 (N.D Ill. Jan. 30, 1992) (Conlon, J.); *Bradley v. Gaetz*, No. 05-0712, 2009 WL 691261, *4-5 (S.D. Ill. March 13, 2009) (Herndon, J.) (both courts addressing challenges to Illinois indictment procedures as habeas claims). Plaintiff may attempt a federal habeas petition challenging the validity of his indictment, but he cannot file a civil rights action under §1983. Furthermore, this court cannot convert the current civil rights case into a habeas petition. *Copus v. City of*

12C1023 James D. Lewis (B-52327) vs. State of Illinois, et al.        Page 1 of 2

| STATEMENT |
|---|

*Edgerton*, 96 F.3d 1038, 1039 (7th Cir. 1996).

     Accordingly, the complaint is dismissed. The dismissal is without prejudice to Plaintiff filing an action in state court or a petition for habeas corpus relief. The instant case is closed. Because Plaintiff's complaint does not present a claim upon which this Court can grant relief, the dismissal of this case counts as one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g). Plaintiff has accumulated three dismissals for failure to state a claim, and thus cannot initiate a case in a federal district or appellate court without pre-paying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *See* § 1915(g).

*James F. Holderman* (signature)